[Civ. No. 36210. First Dist., Div. One. Apr. 19, 1976.]

MICHELIN TIRE CORPORATION, Plaintiff and Appellant, v. COUNTY OF SAN MATEO, Defendant and Respondent.

---

## COUNSEL

Galligan, Thrasher, Branson & Fitzgerald and Fred R. Brinkop for Plaintiff and Appellant.

Keith C. Sorenson, District Attorney, and Thomas F. Casey III, Deputy District Attorney, for Defendant and Respondent.

John H. Larson, County Counsel (Los Angeles), and James Dexter Clark, Deputy County Counsel, as Amici Curiae on behalf of Defendant and Respondent.

---

## OPINION

**SIMS, J.**—Plaintiff, an importer of tires from Europe, has appealed from a judgment which denied it recovery of personal property taxes of $28,035.49 paid to defendant county under protest for the fiscal year 1972-1973. On appeal it contended that the goods assessed enjoyed an immunity from taxation under article I, section 10, clause 2 of the United States Constitution,[1] as interpreted in *Brown* v. *Maryland* (1827) 25 U.S. (12 Wheat.) 419 [6 L.Ed. 678], and *Low* v. *Austin* (1871) 80 U.S. (13 Wall.) 29 [20 L.Ed. 517], and that such immunity was not lost because the tires were unloaded from the seavans in which they were shipped and were stored in the importer's warehouse. The trial court concluded that by placing the tires in different pallets according to size and then placing the pallets in separate rows in the warehouse by size the plaintiff had broken the unit of importation required for the import tax immunity—the "original package doctrine"—as it was recognized at the time of trial.

Submission of the case was delayed pending a decision in *Michelin Tire Corp.* v. *Wages,* then pending in the United States Supreme Court,

---

[1]The clause reads: "No State shall, without the consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing its Inspection Laws . . . ."

to review a decision of the Supreme Court of Georgia (233 Ga. 712 [214 S.E.2d 349]). That matter has now been decided as follows: "The only question presented is whether the Georgia Supreme Court was correct in holding that the tires were subject to the ad valorem property tax. We affirm without addressing the question whether 'the Georgia Supreme Court was correct in holding that the tires had lost their status as imports. We hold that, in any event, Georgia's assessment of a nondiscriminatory ad valorem property tax against the imported tires is not within the constitutional prohibition against laying 'any Imposts or Duties on Imports . . .' and that insofar as *Low* v. *Austin,* 13 Wall. 29, (1872) is to the contrary, that decision is overruled." (423 U.S. 276, 279 [46 L.Ed.2d 495, 499-500, 96 S.Ct. 535].)

■ The court's concluding paragraph is dispositive of this case. It reads, "Petitioner's tires in this case were no longer in transit. They were stored in a distribution warehouse from which petitioner operated a wholesale operation, taking orders from franchised dealers and filling them from a constantly replenished inventory. The warehouse was operated no differently than would be a distribution warehouse utilized by a wholesaler dealing solely in domestic goods, and we therefore hold that the nondiscriminatory property tax levied on petitioner's inventory of imported tires was not interdicted by the Import-Export Clause of the Constitution." (*Id.,* at p. 333 [46 L.Ed.2d at p. 512].)

Section 1 of article XIII of the California Constitution provides, "All property in the State except as otherwise in this Constitution provided, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law, or as hereinafter provided. . . ."

Revenue and Taxation Code section 201 reads, "All property in this State, not exempt under the laws of the United States or of this State, is subject to taxation under this code."

The property the subject of this action was properly taxed and the judgment of the lower court must be affirmed.

At oral argument we were asked to consider whether the decision of the United States Supreme Court should be considered as retrospective, and if so to what extent it might permit actions to recover taxes on property which had escaped assessment by virtue of the application of

the preexisting exception. It is only necessary to determine in this case, as we do, that the taxing jurisdiction may assert the newly pronounced ruling in pending litigation. We leave for another day the determination of other questions suggested by counsel. No issue is raised in this case concerning the retrospective application of the newly pronounced ruling to property which may have escaped assessment.

The judgment is affirmed.

Molinari, P. J., and Elkington, J., concurred.